SRD/EC 2021R00637

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** | Criminal Number: DKC 25cr106 |
| v. | Wire Fraud, 18 U.S.C. § 1343 |
| **NOMAN SALEEM,** | |
| Defendant. | |

# INFORMATION

## COUNT ONE

The United States Attorney for the District of Maryland charges that:

### INTRODUCTION

At all times relevant to this Information:

1. Defendant **NOMAN SALEEM** ("**SALEEM**") was a resident of Queens, New York and Levittown, New York.

2. Victim 1 was a resident of Olney, Maryland.

3. Victim 2 was a resident of Spearfish, South Dakota.

4. Victim 3 was a resident of Tucson, Arizona.

### BACKGROUND REGARDING CRYPTOCURRENCY

5. Cryptocurrency ("crypto") refers to a digital currency in which transactions are verified and records maintained by a decentralized system using cryptography.

6. Cryptocurrencies are not tied to any nation's fiat currency. The owner of cryptocurrency is assigned a mathematical encryption key pair consisting of a public key and a private key. A public key, also known as an address, is visible to the public, and allows members

of the public to verify the owner of virtual currency and to send and receive cryptocurrencies. A private key, also known as a secret key, is a password used to complete cryptocurrency transactions. Secret keys are typically only shared with the owner of the public key. A wallet can hold multiple public keys for a user, and an account can hold multiple wallets for a user.

7. "Crypto staking" involves holding cyptocurrencies for a period of time to earn interest or rewards. Crypto staking is often accomplished through groups of people or pools, with participants earning passive income on their holdings, ranging from 5 to 20 percent.

8. "Telegram" is a cloud-based social media and instant messaging service available for Apple and Android operating systems.

9. A Telegram "handle" is a username that identifies a Telegram user.

10. "The Dollar Vigilante" and "Bitboy" were monickers used by popular crypto influencers who share information online regarding crypto investments. They were in no way affiliated with **SALEEM**.

## THE CHARGE

11. Beginning in December 2020 and continuing through at least March 2021, in the District of Maryland and elsewhere, the Defendant,

**NOMAN SALEEM,**

knowingly and willfully devised and intended to devise a scheme to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, in connection with a cryptocurrency ("crypto") staking scheme, to wit, **SALEEM** convinced victims to send him crypto by falsely representing that he was a popular crypto influencer and that he would invest the crypto and give them guaranteed returns, and

2

12. On or about February 18, 2021, for the purpose of executing and attempting to execute the scheme to defraud, did knowingly and willfully transmit and cause to be transmitted by means of wire communications, in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds in violation of 18 U.S.C. § 1343.

## THE OBJECT OF THE SCHEME TO DEFRAUD

13. It was the object of the scheme to defraud for **SALEEM** to personally enrich himself by fraudulently obtaining and attempting to obtain money and property from victims for his own personal use and benefit through the crypto staking scheme whereby **SALEEM** posed as popular crypto influencers, **SALEEM** caused victims to provide him with various cryptocurrencies purportedly to stake, and **SALEEM** absconded with the victims' cryptocurrencies.

## MANNER AND MEANS

14. It was further part of the scheme to defraud that **SALEEM** created a handle for The Dollar Vigilante on Telegram, causing victims to believe that he was The Dollar Vigilante, a well-known crypto influencer.

15. It was further part of the scheme to defraud that by impersonating The Dollar Vigilante, **SALEEM** caused thousands of Telegram users to join his public channel.

16. It was further part of the scheme to defraud that **SALEEM** created a VIP sub channel available by subscription for approximately $500 to $600 worth of crypto that allowed those who subscribed to send direct messages to **SALEEM**.

17. It was further part of the scheme to defraud that **SALEEM** created a second handle on Telegram for "Bitboy," causing victims to believe that **SALEEM** was the popular crypto

influencer, Bitboy. **SALEEM** also offered Bitboy channel members the option to join his VIP channel by subscription.

18. It was further part of the scheme to defraud that **SALEEM** advertised staking rewards through his Telegram channels, with terms of 30 to 90 days. **SALEEM** enticed potential investors with promises that the more crypto that they invested, the greater the returns.

19. It was further part of the scheme to defraud that **SALEEM** never actually staked any crypto.

20. It was further part of the scheme to defraud that **SALEEM** communicated with his victims via Telegram. The creation of the telegram channels, **SALEEM's** offers of subscriptions, and his messages with victims, all resulted in interstates wires beginning or ending in Maryland.

21. It was further part of the scheme to defraud that **SALEEM** communicated purported staking opportunities to Victim 1, Victim 2, and Victim 3 via Telegram, thereby causing interstate wires beginning or ending in Maryland.

22. It was further part of the scheme to defraud that Victim 1 made the following transfers of crypto to **SALEEM**:

| DATE | AMOUNT | SOURCE | DESTINATION |
|---|---|---|---|
| 12/26/2020 | 0.5 ETH | Victim 1 (Celsius Network) | "Wallet 1": 0x9e69c0e2a16f0a6748f533c7f057bb3df094e9d6 |
| 2/18/2021 | 300 ETH | Victim 1 (Celsius Network) | "Wallet 2": 0x4a6f894a89D70b7f826a593a75e939f8a7BaEb64 |
| 3/2/2021 | 12,488.9 OCEAN | Victim 1 (KuCoin) | "Wallet 3": 0x390825dcB6344aD9571A94773d059e62f718D3E8 |
| 3/2/2021 | 488.4 ATOM | Victim 1 (Binance) | "Wallet 4": cosmos1y4gtvcc8m9advntlvykz209y4eshu0u82e84er |
| 3/7/2021 | 900.4 EWT | Victim 1 (KuCoin) | "Wallet 5": 0x3ea457461afa4ad8090a974b19080481fd2c1302 |
| 3/17/2021 | 1,157.8 XTZ | Victim 1 (Binance) | "Wallet 6": tz1ZZsKPbsb5yQMDHn7mrsDKyqs1aaTRU7gf |
| 3/17/2021 | 2,631.9 XTZ | Victim A (Coinbase) | "Wallet 6" tz1ZZsKPbsb5yQMDHn7mrsDKyqs1aaTRU7gf |

23. It was further part of the scheme to defraud that after receiving cryptocurrencies from the victims, **SALEEM** ceased all communications with the victims, and absconded with their cryptocurrency investments.

24. It was further part of the scheme to defraud that **SALEEM** obtained more than $750,000 from the victims of the crypto staking scheme.

18 U.S.C. § 1343.

## FORFEITURE ALLEGATION

The United States Attorney for the District of Maryland further finds that:

1. Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby given to the defendants that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), in the event of the defendant's conviction of the offense charged in Count One of the Information.

### Wire Fraud Forfeiture

2. Upon conviction of any of the offenses set forth in Count One, the defendant,

### NOMAN SALEEM

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the scheme to defraud, namely:

a) A Forfeiture money judgment in the amount of at least $1,798,529, representing the proceeds the defendant obtained as a result of the fraud scheme, less the net liquidation amounts from the below assets, to be credited against the forfeiture money judgement upon liquidation of the assets by the government:
b) approximately $225,900 in U.S. currency seized by the government on November 8, 2023;
c) approximately $729,609 in U.S. currency that was converted from 300 ETH seized by the government on December 6, 2023;
d) approximately 34.89 ETH (estimated value: $109,083) and 9,353.45 OCEAN (estimated value: $4,071) in the private wallet owned by the Defendant with address 0x390825dcB6344aD9571A94773d059e62f718D3E8;
e) approximately 21.43 ETH (estimated value: $67,012) in the private wallet owned by the Defendant with address 0xa1E7Ad43AAC5B0c82743194168eCbB96FB77CdEA;
f) approximately 0.32 BTC (estimated value: $33,202) in the private wallet owned by the Defendant with address bc1qgpfm0t3f8y4l096eemjl5mdat89kz98mwwk8ld;
g) approximately 2.31 ETH (estimated value: $7,216) and 7,338 STG (estimated value: $2,411) in the private wallet owned by the Defendant with address 0x2992ce17dA202ee41afB5d51a39a041Ef1b3A300;
h) approximately 55.18 LTC (estimated value: $6,224) in the private wallet owned by

the Defendant with address LPhXqrpDz93o6bpE4AsLuUJ1GHRfcXhX6i;

i) approximately 23,331.80 TRX (estimated value: $5,602) in the private wallet owned by the Defendant with address TQVhi2tecDHbtatHBuEsHAavr7GzRhgP7m;

j) approximately 1,146.15 XRP (estimated value: $3,523) in the private wallet owned by the Defendant with address rUwLMZ4Yd1zyqbijhzTXj6igs1QiJq3Dar; and

k) approximately 38,361.91 USDT (estimated value: $38,360) in the private wallet owned by the Defendant with address TTHD8p5kzfAZwgB4LzpJenQ8JoZadenJ5K.

## Substitute Assets

3. If, as a result of any act or omission of the defendant, any of the property described above as being subject to forfeiture:

   a. cannot be located upon the exercise of due diligence

   b. has been transferred, sold to, or deposited, with a third party

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property that cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property up to the value of the forfeitable property described above, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

18 U.S.C. § 981(a)(1)(C).
21 U.S.C. § 853(p).
28 U.S.C. § 2461(c).

*Kelly O. Hayes*
Kelly O. Hayes
United States Attorney

Digitally signed by SEAN DELANEY
Date: 2025.04.10 14:53:39 -04'00'